# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| JEFFREY ETRIS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 2:10-CV-00113-RWS |
| DEPUTY KEVIN L. SNYDER, : | |
| SGT. IAN MCINTOSH, and : | |
| DEPUTY DEBORAH : | |
| BUCHANAN, : | |
| : | |
| Defendants. | |

## **ORDER**

This case comes before the Court on Defendants' Motion for Summary Judgment [37] and Motion to Dismiss for Insufficient Service of Process [39]. After considering the Record, the Court enters the following Order.

## **Background**[1]

This case arises out of Plaintiff Jeremy Etris's arrest in Hall County, Georgia on the evening of June 28, 2008. On that date, Plaintiff and his wife, April Etris, became engaged in a violent domestic altercation, which ultimately

---

[1] Unless otherwise indicated, the following facts are undisputed and taken from Defendants' Statement of Undisputed Material Facts in Support of Defendants' Motion for Summary Judgment ("Defs.' SMF"), Dkt. No. [37-2].

led to the dispatch of Defendants Hall County Deputy Sheriffs Deborah Buchanan, Kevin Snyder, and Sergeant Ian McIntosh. (Defs.' SMF, Dkt. No. [37-2] ¶¶ 1, 3, 5, 6, 8, & 13.) During or immediately following the domestic altercation, Plaintiff's mother-in-law informed Plaintiff she was calling the police, which prompted Plaintiff to leave the house and walk around the neighborhood. (Id. ¶¶ 6-7.) At approximately 10:00 p.m., Deputy Buchanan was dispatched to Plaintiff's home, where she met with Ms. Etris and observed her to be bruised in the face and bleeding from her ear. (Id. ¶¶ 8, 10.) A domestic violence officer thereafter arrived at Plaintiff's home to further assist Ms. Etris, at which point Deputy Buchanan returned to her patrol car and began driving around the neighborhood in search of Plaintiff. (Id. ¶ 12.) Shortly thereafter, Deputy Snyder and Sergeant McIntosh joined Deputy Buchanan in her search for Plaintiff. (Id. ¶ 13.)

While Defendants were searching for Plaintiff, Plaintiff returned to his home, where a relative informed him that the police were searching for him. (Id. ¶ 15.) Upon learning this, Plaintiff walked to a neighbor's house and hid under a utility truck parked beside the home. (Id. ¶ 15.) Deputy Snyder, accompanied by his canine, "Egan," eventually discovered Plaintiff under the

2

truck. (Id. ¶¶ 14, 17-18.) Plaintiff told Deputy Snyder he would come out from under the truck. (Id. ¶ 19.) While the parties dispute some of the details surrounding what happened next, they agree that as Plaintiff was coming out from under the truck, Egan seized Plaintiff by the left calf, directly under the knee, and dragged him out from under the truck. (See id. ¶ 22 ("[Egan] seized plaintiff on the left calf, directly underneath the knee. . . . It then pulled plaintiff out from under the truck . . . ."); Pl.'s Statement of Disputed Facts ("Pl.'s SDF"), Dkt. No. [51-2] ¶ 22 ("Egan initially clamped down on Etris's calf below his knee and drug him out from under the truck, keeping the same grip but by biting rather than simply locking.").) Plaintiff claims that Egan continued to bite him after he was pulled out from under the truck, and even after Plaintiff had been secured in handcuffs. (Defs.' SMF, Dkt. No. [37-2] ¶¶ 26-27; PL.'s SDF, Dkt. No. [51-2] ¶¶ 31-38.) Once Plaintiff was handcuffed and Egan had released its hold on Plaintiff, no further force was used against Plaintiff. (Defs.' SMF, Dkt. No. [37-2] ¶ 29.)

Based on these facts, Plaintiff filed this Section 1983 action on June 22, 2010, originally against Defendants Buchanan, Snyder, and McIntosh, as well as Hall County and Hall County Sheriff Steve Cronic. (Compl., Dkt. No. [1].)

3

In Count I of the Complaint, Plaintiff raised a Fourth Amendment excessive force claim against all Defendants. (Id. ¶¶ 38-43.) In Count II, Plaintiff raised state law claims for assault and battery and intentional infliction of emotional distress, also against all Defendants. (Id. ¶¶ 48-49.) Finally, in Count II, Plaintiff sought to hold Hall County liable for the allegedly negligent hiring, retention and training of the other Defendants. (Id. ¶¶ 46-47.)

By consent Order entered on May 11, 2011, Defendants Hall County and Hall County Sheriff Cronic were dropped from the suit and all claims against them dismissed with prejudice. (Dkt. No. [32] at 1.) Additionally, all official capacity claims against Defendants Buchanan, Snyder, and McIntosh were dismissed with prejudice. (Id.) Accordingly, the only claims remaining in this case are Plaintiff's individual capacity Fourth Amendment excessive force claim and state law claims for assault and battery and intentional infliction of emotional distress against Defendants Buchanan, Snyder, and McIntosh.

Currently before the Court are Defendants' Motion for Summary Judgment [37] and Motion to Dismiss for Insufficient Service of Process [39]. Because service of process is a jurisdictional requirement, the Court considers first Defendants' Motion to Dismiss. See, e.g., Pardazi v. Cullman Med. Ctr.,

4

896 F.2d 1313, 1317 (11th Cir. 1990) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."). Only if the Court finds proper service of process need it consider Defendants' Motion for Summary Judgment.

## Discussion

### I.  Motion to Dismiss for Insufficient Service of Process [39]

Defendants move to dismiss Plaintiff's Complaint on grounds of insufficient service of process pursuant to Federal Rule of Civil Procedure 4(m). "The plaintiff is responsible for having the summons and the complaint served within the time allowed under Rule 4(m) . . . ." FED. R. CIV. P. 4(c)(1). Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). When, as in this case, a plaintiff does not request waiver of service from an indivdiual defendant pursuant to Rule 4(d),[2] the plaintiff is

---

[2] This provision governs waiver of service and provides that "[t]he plaintiff may notify . . . a defendant that an action has been commenced and request that the

5

required to effect personal service on the defendant pursuant to Rule 4(e). Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007).

Under Rule 4(e), service of process on an individual in the Northern District of Georgia may be effected in one of four ways: first, by serving the defendant with process in accordance with Georgia law;[3] second, by delivering to the defendant personally a copy of the summons and complaint; third, by leaving a copy of each at the defendant's "dwelling or usual place of abode," under certain proscribed conditions; or finally, by leaving a copy of each with an "agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e).[4] "No provision is made for leaving a copy at the

---

defendant waive service of a summons." FED. R. CIV. P. 4(d).

[3] The Georgia statute governing service of process on an individual defendant provides for service of process in the same manner as permitted under Federal Rule 4(e). See O.C.G.A. § 9-11-4(e)(7) ("Service shall be made by delivering a copy of the summons attached to a copy of the complaint as follows: In [the case of an individual defendant] personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.").

[4] This provision, entitled "Serving an Individual Within a Judicial District of the United States," states in full:

6

individual's place of business or with the individual's employer." Melton v. Wiley, 262 F. App'x 921, 923 (11th Cir. 2008).

Although failing to effect service within 120 days of filing the Complaint mandates dismissal under Rule 4(m), a plaintiff may request an extension of time for service of process upon a showing of "good cause." Walker v. Firestone, No. 2:07-cv-0105-RWS, 2008 WL 2744391, at *1 (N.D. Ga. July 11, 2008) (citing FED. R. CIV. P. 4(m)). The plaintiff bears the burden of

---

> Unless federal law provides otherwise, an individual–other than a minor, an incompetent person, or a person whose waiver has been filed–may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides therein; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.
>
> FED. R. CIV. P. 4(e).
7

AO 72A
(Rev.8/82)

demonstrating good cause for such an extension. Id. (citation omitted). "Good cause exists only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal quotations and citation omitted).

Even in the absence of good cause, the Court has discretion to extend time for service of process. Melton, 262 F. App'x at 923. For example, such an extension may be justified "'if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" Id. (quoting Horenkamp v. Van Winkle Co., 402 F.3d 1129, 1132 (11th Cir. 2005)). In fact, the Eleventh Circuit Court of Appeals has held that when a plaintiff fails to show good cause for an extension, the district court must consider whether any circumstances of the case nonetheless warrant one:

> [W]hen a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case. Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time.

8

Lepone-Dempsey, 476 F.3d at 1282 (reversing district court dismissal without prejudice for failure to timely effect service and remanding for court to consider whether expiration of statute of limitations warranted an extension of time despite plaintiff's failure to show good cause). In reaching this holding, however, the Court of Appeals reiterated that the running of the statute of limitations does not require a district court to grant a discretionary extension; it is merely a factor that courts must consider. Id.

In this case, the Complaint was filed on June 22, 2010, making the 120-day window for service under Rule 4(m) expire on October 13, 2010. The returns of service on Record purport to show that Defendants Snyder and Buchanan were served on July 6th and July 8th of 2010, respectively (Dkt. Nos. [8] and [9]),[5] and Defendant McIntosh on August 16th of 2010 (Dkt. No. [42]).[6]

---

[5] In their Motion to Dismiss, Defendants contend that the returns of service filed as to Defendants Snyder and Buchanan purport to show service of process on July 27, 2010. (Dkt. No. [39] at 2.) The returns, however, show service as being effected on July 6th and 8th and the process server completing the proof of service form on July 27, 2010. (Dkt. Nos. [8] & [9].) (See also Decl. of Merrill Rackley, Dkt. No. [46-1] ¶¶ 4, 7, 9, 11(explaining dates).)

[6] The only return of service filed as to Defendant McIntosh purports to show service of process on August 16, 2010. (Dkt. No. [42].) However, it appears Plaintiff's process server also attempted to serve Defendant McIntosh on July 6, 2010, when he purportedly served Defendant Snyder. (Decl. of Merrill Rackley, Dkt. No. [46-1] ¶¶ 4-6.)

9

In their Answer filed on August 2, 2010, Defendants raised insufficient service of process as a defense. (Dkt. No. [5] at 1.) They reasserted this defense in the parties' Joint Preliminary Report and Discovery Plan, filed on August 17, 2010. (Dkt. No. [12] ¶ 4 & Attach. "A.") Finally, on August 26, 2011, Defendants filed their Motion to Dismiss For Insufficient Service of Process, arguing that service was not effected in a manner permitted by federal or Georgia law. (Dkt. No. [39].)

As a threshold matter, the Court agrees with Defendants and finds that Plaintiff failed to serve them with process in a manner permitted by law. The returns of service filed in this case show that Plaintiff's process server, Mr. Merrill Rackley, attempted to serve Defendants with process by leaving copies of the summons and complaint with Defendants' respective co-workers at their respective places of business. Specifically, the returns show that service was attempted as to Defendant Buchanan by leaving a copy of the summons and complaint with one Connie Danish at the Flowery Branch Police Department, and as to Defendants Snyder and McIntosh by leaving copies of the same with one Weda Lee at the Hall County Sheriff's Office. (Dkt. Nos. [8], [9], & [42]).

10

As explained above, however, both Federal Rule 4 and Georgia law require service on an individual defendant to be effected by leaving a copy of the summons and complaint with the defendant personally, at the defendant's dwelling or usual place of abode, or with an agent of the defendant duly authorized by appointment or law to accept process on his behalf. Neither the federal rule nor Georgia law permits service to be effected by leaving a copy of the summons and complaint at a defendant's place of business with the defendant's employer or co-worker. Melton, 262 F. App'x at 923. Having attempted to serve Defendants in this manner, Plaintiff would have to show–for the Court to find the manner of service proper–that Defendants' respective co-workers were authorized by appointment or by law to accept process on their behalf. As Plaintiff has failed to make this showing, the Court must conclude that the manner of service was not in accordance with law.[7]

Having concluded that Plaintiff failed to effect timely service in a manner permitted by law, the next question for the Court is whether Plaintiff has

---

[7] The Court notes that the fact each Defendant eventually received the summons and the complaint and thus had notice of the suit is immaterial. See, e.g., Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) ("A defendant's actual notice is not sufficient to cure defectively executed service.").

11

demonstrated good cause for an extension of time as permitted by Rule 4(m). Plaintiff argues he has shown good cause and requests a 21-day extension for service. (Pl.'s Response in Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n"), Dkt. No. [46] at 8-9.) Plaintiff contends that good cause exists because Defendants (1) delayed filing their Motion to Dismiss "until the 120 day period for service expired and until the time of filing summary judgment motions on the merits," and (2) failed to provide a factual basis for their invalid service defense, which defense was timely raised in Defendants' Answer and again in the Joint Preliminary Report and Discovery Plan. (Id. at 5-9.)

The Court finds these arguments to be without merit and concludes that Plaintiff has failed to show good cause for an extension of time. As explained above, the "good cause" requirement is satisfied only where some external factor, such as reasonable reliance on faulty advice, causes the delay in proper service; the standard is not satisfied where the delay is caused by the plaintiff's own mistake or inadvertence. Lepone-Dempsey, 476 F.3d at 1281. In this case, Plaintiff was put on notice of a potential defect in service when Defendants included this defense in their Answer and later in the Joint Preliminary Report

12

and Discovery Plan.[8] As Plaintiff bears the burden of effecting proper service of process, it was incumbent on Plaintiff to investigate and correct any potential errors in service. It was not the duty of Defendants to explain the deficiencies in service. As Defendants properly raised the defense in their Answer, and again in the Joint Preliminary Report and Discovery Plan, such that Plaintiff was on clear notice, it became Plaintiff's responsibility to ensure that process was effected in a timely and proper manner. Plaintiff's own failure to do so does not constitute good cause.[9]

---

[8] In the Joint Preliminary Report and Discovery Plan, the parties state that there is a question regarding the Court's jurisdiction. (Dkt. No. [12] ¶ 4.) In Attachment A, Defendants explain their jurisdictional objection as follows: "Defendants contend that they have not been properly served pursuant to Fed. R. Civ. P. 4. As such, defendants contend that personal jurisdiction is lacking pursuant to Fed. R. Civ. P. 12(b)(2)." (Id. at 14.)

[9] The fact that Defendants raised the defense of insufficient service of process in their Answer and again in the Joint Preliminary Report and Discovery Plan also refutes Plaintiff's argument that Defendants waived the defense by continuing to litigate on the merits. (Pl.'s Opp'n, Dkt. No. [46] at 5-8.) Under Federal Rule of Civil Procedure 12(h)(1), the defense of insufficiency of service is waived if the defense is not raised in a pre-answer motion or responsive pleading. FED. R. CIV. P. 12(h)(1). In this case, Defendants asserted the defense in their Answer as required under Rule 12(h)(1), and the Court does not find any later conduct on the part of Defendants to constitute a waiver. See, e.g., Melton, 262 F. App'x at 923 n.5:

> Under certain circumstances, a district court may infer waiver based on later conduct of the defendant found to be inconsistent with preservation of the jurisdictional objection. Here, however, the district court noted that [the defendant] followed properly the procedures set out in [Federal

13

The Court thus concludes that Plaintiff failed to effect proper service within the time permitted under Rule 4(m) and has failed to show good cause for an extension under that Rule. Nonetheless, the Court in its discretion may extend the time for service if, after considering the facts of this particular case, the Court finds an extension to be warranted. The fact most relevant to this inquiry is that the statute of limitations has run.[10]

The expiration of the statute of limitations in this case, however, does not warrant an extension of time for service. Importantly, this is not a case where the defendants tried to game the system by strategically waiting for the statute of limitations to expire before raising the defense of insufficient service of process. On the contrary, Plaintiff filed the Complaint only five days before the statute of limitations expired. Thereafter, Defendants timely raised the defense in their Answer and again in the Joint Preliminary Report and Discovery Plan. In the face of these objections to service of process, it appears Plaintiff took no

---

Rule of Civil Procedure] 12 to preserve the defense; it concluded that no waiver was established. That the district court saw no waiver on this record supports no abuse of discretion claim.

[10] The statute of limitations applicable to Section 1983 claims is "that which the State provides for personal-injury torts." Wallace v. Kato, 549 U.S. 384, 387 (2007). In Georgia, the applicable limitations period is two years. O.C.G.A. § 9-3-33.

14

steps to investigate any potential deficiencies or to correct them, such as by filing a motion for extension of time for service under Rule 4(m). On these facts, and despite the fact that the statute of limitations has run, an extension of time is not warranted. Accordingly, the Court hereby **GRANTS** Defendants' Motion to Dismiss for Insufficient Service of Process [39]. In light of this ruling, the Court **DENIES as moot** Defendants' Motion for Summary Judgment [37].

## **Conclusion**

In accordance with the foregoing, the Court hereby **GRANTS** Defendants' Motion to Dismiss for Insufficient Service of Process [39] and **DENIES as moot** Defendants' Motion for Summary Judgment [37]. The Complaint is **DISMISSED without prejudice**, and the Clerk is **DIRECTED** to close the case.

**SO ORDERED**, this  29th  day of February, 2012.

_____
**RICHARD W. STORY**
United States District Judge

15